UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE D. IRAHETA,

    Plaintiff,

v.                                                    Case No: 8:17-cv-1303-T-36AAS

EQUIFAX INFORMATION SERVICES
LLC, *et al.*,

    Defendants.
_____/

## **O R D E R**

This matter comes before the Court upon the Plaintiff's Motion for Change of Venue to the U.S. District Court for the Western District of Louisiana; or in the Alternative, Dismissal Without Prejudice to Refile in the U.S. District Court for the Western District of Louisiana (the "Motion") (Doc. 58), filed on October 2, 2017. Defendant Experian Information Solutions, Inc. filed a response (Doc. 59), to which Plaintiff replied with his First Supplement to the Motion (Doc. 60).

Plaintiff asserts that he is a military service member on active duty and subject to the control of military command and authority. Doc. 58 at 1. He received orders to relocate to the State of Louisiana. *Id*. Experian Information Solutions, Inc. does not oppose the transfer, but merely requests a specific date for the relocation to determine whether the Motion is premature. Doc. 59 at 2. In his reply, Plaintiff clarifies that he received a relocation date of November 17, 2017, and he expects to take permanent residency in the State of Louisiana as of November 21, 2017. Doc. 60 at 1.

A district court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). A court must consider two factors to determine whether transferring venue

is appropriate: 1) whether the action might have been brought in the venue to which transfer is sought; and 2) whether various factors are satisfied so as to determine if transfer to a more convenient forum is justified. *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003). Under Section 1404(a), a district court has the discretion to grant or deny a motion to transfer. *See In re Ricoh Corp.*, 870 F.2d 570, 573 n. 5 (11th Cir. 1989). Such motions are analyzed according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation marks and citation omitted).

> Factors the court considers in determining the propriety of transfer include:
>
> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005). The burden is on the movant to establish that the suggested forum is more convenient. *See Ricoh*, 870 F.2d at 573. Further, the Court must give considerable weight to the plaintiff's choice of forum, and will not disturb it unless it is "clearly outweighed" by considerations of convenience, cost, judicial economy and expeditious discovery and trial process. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).

The Court is persuaded that this case should be transferred to the Western District of Louisiana for the convenience of the parties. The Defendants do not oppose the transfer. Plaintiff may have initially filed the case in the Western District of Louisiana because the Defendants do

business in Louisiana.[1] *See* Doc. 58. The Western District of Louisiana's Local Rules direct that the case be assigned the appropriate division, which based on Plaintiff's representation is in the Shreveport Division.[2] *See* W.D. La. LR77.3

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for Change of Venue to the U.S. District Court for the Western District of Louisiana; or in the Alternative, Dismissal Without Prejudice to Refile in the U.S. District Court for the Western District of Louisiana (Doc. 58) is **GRANTED**.

2. This case is **TRANSFERRED** to the United States District Court, Western District of Louisiana, Shreveport Division, for all further proceedings.

3. The Clerk is directed to **immediately** transfer this case to the United States District Court, Western District of Louisiana, Shreveport Division.

**DONE AND ORDERED** in Tampa, Florida on October 23, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

---

[1] Although the title of the Motion indicates a request to transfer to the Western District, the body of the Motion repeatedly references the "Middle District of Louisiana." The Court will deem those references a clerical error, given that in his Supplemental Motion Plaintiff reverts to referencing the Western District of Louisiana.

[2] Plaintiff did not list the city in Louisiana to which he will relocate. Nor did he request a specific division for transfer. But Plaintiff references the Defendants being subject to jurisdiction in the district court in Shreveport, Louisiana. Doc. 58 at 2. Accordingly, the Court will presume Shreveport is the appropriate district.