UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOSE D. IRAHETA | CIVIL ACTION NO.: 5:17-cv-1363 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| EQUIFAX INFORMATION SERVICES, LLC, ET AL. | MAGISTRATE JUDGE HAYES |

MEMORANDUM RULING

Plaintiff Jose Iraheta ("Iraheta") has sued the three credit reporting agencies: Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"). [Record Document 109]. Because Experian responded to Iraheta's third amended complaint with a motion for partial dismissal rather than an answer, Iraheta moved for partial default judgment or, alternatively, partial judgment on the pleadings. Because the Court holds that a motion to partially dismiss a complaint suspends the time to answer the entire complaint, Iraheta's motion [Record Document 126] is **DENIED**.

I.   Background

Iraheta initiated this suit in the Middle District of Florida, naming Experian, Equifax, Trans Union, and Pentagon Federal Credit Union ("PFCU") as defendants. [Record Document 1]. The credit bureaus answered, and PFCU moved to dismiss. [Record Documents 16, 20, 26, and 28]. To correct the omissions justifying PFCU's motion, Iraheta amended his complaint and added Navy Federal Credit Union ("NFCU") as a defendant. [Record Document 41]. Equifax

1

and PFCU answered, NFCU moved to dismiss, and Experian moved to dismiss all but one of Iraheta's claims; Trans Union adopted Experian's motion. [Record Documents 45, 47, 48, 49, and 52]. Iraheta then sought leave for a second amendment to clarify his existing allegations, add claims related to the May 2017 Equifax data breach, and assert a right to injunctive relief. [Record Document 50]. Upon the parties' joint stipulation, NFCU and PFCU were dismissed. [Record Documents 56, 62, 64, and 70].

Before the Middle District of Florida could resolve Experian and Trans Union's motion to dismiss, Iraheta requested a venue change. [Record Documents 58 and 60]. After the Florida court granted Iraheta's motion to transfer, this Court granted leave to amend, required that Iraheta remove his proposed claims for injunctive relief, and denied Experian's motion to dismiss as moot. [Record Documents 65, 82, and 90]. Defendants then answered Iraheta's second amended complaint. [Record Documents 87, 91, 93, and 97].

Because multi-district litigation ("MDL") related to the May 2017 Equifax data breach had commenced in the Northern District of Georgia, Equifax announced its intention to include this case as a tag-along action in the MDL and moved to sever Iraheta's data breach claim so that only that claim would be transfered. [Record Document 94]. At the same time, Iraheta moved to amend his complaint for a third time to add claims related to data breaches at all three credit bureaus; he also renewed his request for injunctive relief. [Record Document 101]. The Court

denied Equifax's motion to sever and granted Iraheta's motion in part. [Record Document 108].[1]
When once again denying leave to add claims for injunctive relief, the Magistrate Judge cautioned Iraheta that the

> [C]ourt has limited patience in dealing with repeated attempts to bring claims which it has already determined are futile or otherwise improper, that his *pro se* status is not a *carte blanche* to bring legally insufficient claims, and that any additional attempts to raise claims that this [C]ourt has already deemed futile will give rise to monetary or other sanctions.

[*Id.* at 6].

Equifax and Trans Union answered Iraheta's third amended complaint. [Record Documents 109, 114, and 115].[2] Experian responded with a motion to dismiss Iraheta's gross negligence claims arising from Experian's alleged data breaches. [Record Document 112].[3] Although Iraheta voluntarily dismissed two of his three data breach claims against Experian, [Record Documents 118 and 119], the motion to dismiss remains pending as to Iraheta's claim regarding a September 2015 data breach.

On the grounds that Experian did not timely answer his remaining claims, Iraheta moved

---

[1] On May 24, 2018, the Judicial Panel on Multidistrict Litigation conditionally transferred Iraheta's claims related to alleged data breaches at the credit bureaus. [Record Document 131-1]. The transfer is stayed pending the panel's resolution of Iraheta's motion to vacate the conditional transfer order. [Record Document 131 at 6].

[2] Iraheta moved to strike all defenses raised in Equifax's and Trans Union's answers; this motion remains pending. [Record Document 124].

[3] Iraheta and Experian disagreed over the state law governing these claims. [Record Documents 112 and 123]. Recognizing that the choice of law question affects all of Iraheta's state-law claims against all Defendants, the Court ordered briefing, which has now been completed. [Record Documents 127, 132, and 133].

for default judgment or, alternatively, partial judgment on his claim that Experian violated 15 U.S.C. § 1681c(f). [Record Document 126]. Experian contends that its motion for a partial dismissal suspends the time to answer Iraheta's other allegations. [Record Document 129].

## II. Default Judgment

A defendant must answer an amended complaint within fourteen days of service unless another rule or statute extends this time. Fed. R. Civ. P. 15(a)(3). Because Iraheta served his third amended complaint on April 24, 2018, [Record Document 109], Defendants' answers were due May 8, 2018. Equifax and Trans Union timely answered, but Experian did not. [Record Documents 114 and 115]. Instead, Experian moved to dismiss Iraheta's gross negligence claim; this motion is pending. [Record Document 112]. A Rule 12(b) motion extends a defendant's time to file a responsive pleading to fourteen days from the court's denial of the motion. Fed. R. Civ. P. 12(a)(4). Because Experian has moved to dismiss Iraheta's gross negligence claims pursuant to Rule 12(b)(6), Experian's window of time in which to answer those claims has yet to begin.

As to Iraheta's remaining claims, a strict reading of Rule 15 would require the Court to find that the time to reply has passed. Nevertheless, the Court sees no reason to depart from the majority rule that "filing of a partial motion to dismiss extends the defendant's time to answer the entire complaint." *Bertaut v. Par. of Jefferson*, No.Civ.A. 02-2104, 2002 WL 31528468, at *1 (E.D. La. Nov. 2, 2002). As the authors of the leading treatise on federal procedure explain:

> [T]he weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.

4

> Courts following this majority rule have noted that the minority approach would require duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and cause confusion over the proper scope of discovery during the motion's pendency.

5B Charles Wright et al., *Federal Practice and Procedure* § 1346 (3d ed. 2004). Hence, the Court holds that Experian's 12(b)(6) motion has suspended its obligation to answer Iraheta's remaining allegations.

Although default judgment is available when a defendant fails to answer, Fed. R. Civ. P. 55(a), the procedure is "general[ly] disfavor[ed]," *In re OCA, Inc.*, 551 F.3d 359, 371 (5th Cir. 2008). Therefore, Iraheta's motion for an entry of default is **DENIED** without prejudice to re-urging if Experian fails to timely answer the complaint following disposition of the pending motion to dismiss.

### III. Judgment on the Pleadings

Iraheta also moves for judgment on the pleadings on his claim that Experian "failed to indicate, [sic] the fact that information regarding Plaintiff had been disputed by Plaintiff, in each consumer report . . . that included the disputed information, in violation of [15 U.S.C.] § 1681c(f)." [Record Document 109 at 12]. Because a complaint requires an answer, Fed. R. Civ. P. 12(a)(1)(A), unanswered allegations are judicially admitted, *see* Fed. R. Civ. P. 8(b)(6). Rather than answer, Experian moved for a partial dismissal and incorporated by reference its answer to Iraheta's second amended complaint. [Record Document 112 at 1 n.1]. Because the allegation that Experian violated § 1681c(f) has no counterpart in the second amended complaint, Iraheta contends that this allegation was not denied and should be deemed admitted. [Record Document

126 at 5]. For the reasons discussed above, a responsive pleading is not yet required to Iraheta's third amended complaint. This Court thus declines to deem Experian to have admitted that it violated § 1681c(f). Iraheta's motion for judgment on the pleadings is **DENIED**.

IV.   Conclusion

For the reasons discussed above, Iraheta's motion [Record Document 126] is **DENIED**. Following the disposition of Experian's motion to dismiss, Iraheta may re-urge a motion for default judgment if Experian fails to timely answer.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 10th day of July, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE