UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOSE D. IRAHETA | CIVIL ACTION NO.: 5:17-cv-1363 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| EQUIFAX INFORMATION SERVICES, LLC, ET AL. | MAGISTRATE JUDGE HAYES |

MEMORANDUM RULING

Before the Court is Plaintiff's motion to strike defenses raised by Defendants Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union"). [Record Document 124]. For the reasons discussed below, the motion is **GRANTED IN PART**, **DENIED IN PART**, and **STAYED IN PART**. The motion is **STAYED** with respect to Count V of Plaintiff's third amended complaint, **GRANTED** with respect to Equifax's fifth defense, and **DENIED** in all other respects. Equifax is granted until August 6, 2018 to amend its answer so as to more specifically articulate its fifth defense.

I. Background

Plaintiff Jose Iraheta ("Iraheta") raises claims under the Fair Credit Reporting Act ("FCRA") and state tort law against the three credit reporting agencies: Trans Union, Equifax, and Experian Information Solutions, Inc. [Record Document 109]. The already complex procedural history of this matter was discussed in this Court's ruling on Iraheta's motion for default judgment, [Record Document 138 at 1–4], and so the Court will summarize only the

1

relevant portions here. After Iraheta filed his third amended complaint, Trans Union and Equifax answered, denying most of Iraheta's allegations and asserting a number of defenses. [Record Documents 114 and 115]. Iraheta moved to strike those defenses. [Record Document 124]. Equifax and Trans Union oppose his motion. [Record Document 131].

Count V of Iraheta's complaint involves various data breaches at the credit unions, including the May 2017 Equifax data breach that is now the subject of multidistrict litigation in the Northern District of Georgia. [Record Documents 109 at 20 and 131-1]. The Judicial Panel on Multidistrict Litigation conditionally transferred this matter to the MDL and then remanded Iraheta's remaining claims: Count III (FCRA), Count IV (Defamation), and Count VI (Negligence). [Record Document 131-1]. In light of this conditional transfer, this ruling applies only to the claims in Counts III, IV, and VI of Iraheta's third amended complaint.

## II. Law and Analysis

### A. Legal Standard

A court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f). Because motions to strike are "somewhat dilatory and often harassing," 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381 (3d ed. 2002), motions to strike are disfavored, *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). A motion to strike is appropriate only if a part of a pleading has "no possible relation to the controversy." *Id.* (quoting *Brown & Williamson Tobacco*

*Corp.*, 201 F.2d at 822). To have a defense successfully stricken, a plaintiff must show (1) that the defense is legally insufficient, impertinent, or redundant; and (2) prejudice resulting from its continued presence. *See FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (citing *Augustus*, 306 F.2d at 868); Wright & Miller, *supra* § 1380.

In the aftermath of the Supreme Court's reinterpretation of pleading standards in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), lower courts have split over the level of factual detail required of affirmative defenses, *see* Wright & Miller, *supra* § 1274. In support of his motion, Iraheta cites cases from district courts in the Ninth Circuit that apply the heightened *Twombly-Iqbal* standard of facial plausibility to affirmative defenses. *See Hernandez v. Dutch Goose, Inc.*, 2013 WL 5781476, at *4 (N.D. Cal. Oct. 25, 2013); *Miller v. Ghirardelli Chocolate Co.*, No. C 12-04936 LB, 2013 WL 3153388, at *3 (N.D. Cal. June 19, 2013). The question is thus whether this Court should do likewise.

Prior to *Twombly* and *Iqbal*, the Fifth Circuit only required that a defense "give the plaintiff 'fair notice' of the defense that is being advanced . . . so that the plaintiff [i]s not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (quoting *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993)). There is thus a "tension between the *Woodfield* court's reference to the more relaxed pleading standards that existed at the time that decision came down and the heightened pleading standards now in effect." *Vargas v. HWC Gen. Maint., LLC*, No. CIV.A. H-11-875, 2012 WL 948892, at *2 (S.D. Tex. Mar. 20, 2012). The Fifth Circuit has not addressed this issue, and courts within the circuit are divided. *Compare id.* at *2

3

(holding that the *Twombly-Iqbal* standard applies to affirmative defenses) *with Bledsoe v. City of Shreveport*, No. CV 15-2484, 2016 WL 8710974, at *2 (W.D. La. June 24, 2016) (applying the *Woodfield* standard) *and Floridia v. DLT 3 Girls, Inc.*, No. 4:11-CV-3624, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012) (same).

Even if the *Twombly-Iqbal* standard has displaced the "fair notice" requirement in *Woodfield*, the new standard has not altered the underlying purpose of any pleading requirement—avoiding "unfair surprise." *Woodfield*, 193 F.3d at 362 (quoting *Home Ins. Co.*, 998 F.2d at 309). For this reason, courts in the Fifth Circuit have emphasized that a defense should be stricken only when a plaintiff shows prejudice. *Bledsoe*, 2016 WL 8710974, at *3; *Niblo*, 821 F. Supp. at 449 (citing *Augustus*, 306 F.2d at 868); *see also Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *6 (D. Kan. Aug. 29, 2011) ("[A]bsent prejudice to an opposing party, courts should not strike a defense."). In light of the stress the Fifth Circuit has placed on fair notice and avoiding surprise, the Court holds that even if the *Twombly-Iqbal* standard applies to affirmative defenses, a motion to strike is still properly denied unless the plaintiff shows prejudice from the factually bare pleading.

B. **Equifax's Fifth Defense**

As its fifth defense, Equifax asserts:

Equifax adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

4

[Record Document 115 at 11]. Iraheta objects to this defense as "lack[ing] specificity." [Record Document 124 at 5]. The hallmark of a sufficiently pleaded defense is that it provides "fair notice" to the plaintiff. *Woodfield*, 193 F.3d at 362. These four cases contain many propositions of law, and Equifax provides no indication as to which of them it is asserting. The Court therefore finds that this defense is insufficiently pleaded and will grant Iraheta's motion as to this defense along with an opportunity to amend.

C. **Equifax's Seventh Defense and Trans Union's Defense in Paragraph 107**

Equifax's seventh defense and Trans Union's defense raised in paragraph 107 assert that Iraheta has failed to state a claim on which relief can be granted. [Record Documents 114 at 17 and 115 at 11]. Iraheta moves to strike this defense because it is "not an actual affirmative defense," [Record Document 124 at 4], citing the Northern District of California in support, *see Hernandez*, 2013 WL 5781476, at *18 (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1081, 1088 (9th Cir. 2002)). The Fifth Circuit has suggested that a failure to state a claim is an affirmative defense. *See Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 294 (5th Cir. 2016). Iraheta also fails to explain how the assertion that his complaint is legally insufficient has prejudiced him in any way. As to these defenses, the motion is denied.

D. **Equifax's Fourth and Sixth Defenses**

Iraheta objects to Equifax's fourth and sixth defenses because they consist solely of a statutory citation. [Record Document 124 at 5–6]. In support, he again cites the Northern

5

District of California.[1] While this Court has previously implied that a mere reference to an entire statute is insufficient to withstand a motion to strike, *Bledsoe*, 2016 WL 8710974, at *1, Equifax references specific statutory provisions: 15 U.S.C. § 1681n and 15 U.S.C. § 1681h(e), [Record Document 115 at 11]. Not only does this additional specificity provide Iraheta with sufficient guidance to be able to meet these defenses, he has demonstrated no prejudice. The motion is denied as to Equifax's fourth and sixth defenses.

### E. Equifax's Eighth and Seventeenth Defenses and Trans Union's Defense in Paragraph 115

Iraheta objects to Equifax's eighth and seventeenth defenses and the defense raised by Trans Union in paragraph 115 of its answer as the "mere citation of some statutory provisions." [Record Document 124 at 4]. In these paragraphs, Trans Union raises the defenses of collateral estoppel and res judicata, and Equifax asserts waiver, estoppel, and Article III standing. [Record Documents 114 at 18 and 115 at 11, 13]. These are not statutory provisions, but rather terms of art with clearly defined meanings. Iraheta has not even attempted to suggest how their recital without factual application has prejudiced him. The motion is therefore denied as to these defenses.

### F. Equifax's First, Second, Third, Fourteenth, and Nineteenth Defenses and Trans Union's Defenses in Paragraphs 108, 109, 111, 117, and 121

Iraheta objects to Equifax's first, second, third, fourteenth, and nineteenth defenses and Trans Union's defenses raised in paragraphs 108, 109, 111, 117, and 121 of its answer. [Record

---

[1] Although Iraheta cited *Miller v. Ghirardelli Chocolate* Co., the quote that he placed in his memorandum actually appears in *Hernandez v. Dutch Goose, Inc.*, 2013 WL 5781476, at *5.

Document 124 at 3-5]. In each case, Irahata's entire argument is: "The Court should strike this defense as this defense 'is nothing but a barebones conclusion which is insufficient.'" [*Id.*]. In support, he cites (and misquotes), a Northern District of Illinois decision. *Schmitz v. Four D Trucking, Inc.*, No. 2:13-CV-214-RL-PRC, 2014 WL 309190, at *2 (N.D. Ind. Jan. 28, 2014). As Iraheta offers no indication that he has been prejudiced by these defenses or that they lack sufficient detail to enable him to meet them as litigation progress, the Court denies the motion as to these defenses.

## G. Remaining Defenses

Iraheta's motion merely quotes the following defenses and asks the Court to strike them: Equifax's ninth, tenth, eleventh, twelfth, thirteenth, fifteenth, sixteenth, eighteenth, twentieth, and twenty-first defenses and Trans Union's defenses in paragraphs 110, 112, 113, 114, 116, 118, 119, and 120 of its answer. [Record Document 124 at 6-8]. Because motions to strike are disfavored and Iraheta has offered no specific reasons, let alone compelling ones, to strike these defenses, the motion is denied as to them.

The Court reminds Iraheta that even as a *pro se* litigant, he is bound by Rule 11 of the Federal Rules of Civil Procedure, which requires a signatory to a filing to certify that it "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Given the split in authority on the pleading standard for affirmative defenses, the motion as a whole does not fall afoul of Rule 11. However, the final three pages of his motion do nothing more than quote the defenses he seeks to strike. The

absence of an explanation for why Iraheta believes that these specific defenses should be stricken strongly suggests an improper motive. Although the Court believes that sanctions are inappropriate at this time, the Court reminds Iraheta that the Court's patience for legally unsupported gamesmanship is not unlimited.

### III. Conclusion

For the reasons given above, Iraheta's motion is **GRANTED IN PART, DENIED IN PART**, and **STAYED IN PART**. It is **STAYED** as to Count V of the third amended complaint, **GRANTED** as to Equifax's fifth defense, and **DENIED** as to all other defenses.

**IT IS ORDERED** that Equifax's fifth defense is **STRICKEN WITHOUT PREJUDICE**. Equifax is granted until August 6, 2018 to amend its answer to articulate the defenses it wishes to assert under *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007). If Equifax fails to amend so as to specifically identify the applicable defenses provided by these cases, any defenses relying on these cases may no longer be raised by Equifax in this litigation.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 16th day of July, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

8